**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| ORA LEE DANIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Case No. 1:25-CV-00058-NCC |
| | ) |
| FRANK BISIGNANO, | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of

Defendant Frank Bisignano, Commissioner of Social Security (the "Commissioner") approving

the application of Plaintiff Ora Lee Daniel ("Plaintiff") for Disability Insurance Benefits ("DIB")

under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (the "Act").  The parties

consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

(Doc. 5).  For the following reasons, the Court will dismiss the Plaintiff's complaint.

The Court accepts the facts as set forth in the parties' respective statements of fact and

responses. The Court will cite to specific portions of the transcript as needed to address the

parties' arguments.

---

[1] Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   PROCEDURAL HISTORY

On December 8, 2022, Plaintiff applied for DIB, alleging that she had been unable to work since September 28, 2022 due to bilateral feet injuries, nerve problems in her hands, feet, and legs, aneurism in her stomach area, and hernia.  (Tr. 145-151, 186).  Her application was denied initially and on reconsideration.  (Tr. 63-67, 69-72).  Plaintiff filed a Request for Hearing by Administrative Law Judge (ALJ) and a hearing took place on December 5, 2023.  (Tr. 19-45).  Following the hearing the ALJ issued a fully favorable decision on January 24, 2024.  (Tr. 10-18).  Plaintiff filed a Request for Review, but the Appeals Council declined to review the case on March 5, 2025.  (Tr. 1-5).  Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

## II.   LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled.  20 C.F.R. § 404.1529.  "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled."  *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)).  In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits.  20 C.F.R. § 404.1520(b).  Second, the claimant must have a severe impairment.  20 C.F.R. § 404.1520(c).  The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ."  *Id*.  "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal

2

impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations.  20 C.F.R. § 404.1520(d).  If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history.  *Id*.

Fourth, the impairment must prevent the claimant from doing past relevant work.  20 C.F.R. § 404.1520(f).  The burden rests with the claimant at this fourth step to establish his or her RFC.  *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled.").  The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past.  20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work.  20 C.F.R. § 404.1520(g).  At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC.  *Steed*, 524 F.3d at 874 n.3.

If the claimant meets these standards, the ALJ will find the claimant to be disabled.  "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); *see also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at

step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

### III.   THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff has not engaged in substantial gainful activity since September 28, 2022, the alleged onset date; that Plaintiff had the severe impairments of first metatarsophangeal joint arthrodesis and bilateral hallux valgus deformity with moderate arthritic changes; and that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1 (Tr. 13). The ALJ found that

Plaintiff has the RFC to perform "less than the full range of light work as defined in 20 CFR 404.1567(b)" with the following limitations:

> [c]laimant was able to sit for 8 hours out of 8 hours; and she could stand and walk for 4 hours out of 8 hours. She had to have the ability to shift positions without leaving her duty station. She was able to lift, carry, push, or pull 10 pounds frequently and up to and including 20 pounds occasionally.  She could never climb ladders, ropes, or scaffolding or be exposed to hazards, such as dangerous machinery and unprotected heights.

(Tr. 14).  The ALJ further found that Plaintiff is unable to perform her past relevant work as a meat laborer, a production worker, and a cook's helper, as the demands of that work exceeded her RFC.  (Tr. 15).  The ALJ also found that Plaintiff was an individual closely approaching retirement age on the established disability onset date and concluded that, considering Petitioner's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that she can perform.  (*Id.*).  The ALJ thus concluded that Plaintiff has been under a disability since September 28, 2022, her alleged onset date of disability.  (Tr. 16).

## IV.    DISCUSSION

Plaintiff challenges the ALJ's decision on the grounds that the ALJ erred in using September 28, 2022, the alleged onset date, as the established onset date of disability.  Plaintiff contends that when she filled out her disability application, she provided the last date she worked as the onset date of disability, "completely unaware of the fact that this would make a legal difference."  (Doc. 11 at 1).  She asserts that the ALJ erred in failing to find that Plaintiff's "disability goes back to *at least* March of 2022," when the medical records show Plaintiff was suffering from bunions.  (Doc. 11 at 4) (emphasis in original).  According to Plaintiff, she was unable to perform substantial gainful activity prior to the onset date of disability established in the ALJ's decision.

5

Plaintiff cites no legal authority suggesting that the ALJ's failure to choose an earlier onset date than that alleged by Plaintiff constitutes reversible error. Indeed, "the date alleged by the individual should be used if it is consistent with all the evidence available." *Karlix v. Barnhart*, 457 F.3d 742, 747 (8th Cir. 2006) (citing Social Security Ruling 83–20). Instead, Plaintiff explains that when she applied with an alleged onset date of September 28, 2022, she "did not realize this would have a legal impact on her benefits." (Doc. 11 at 1). However, the Court points out that, despite Plaintiff's assertions, she was represented by counsel—the same counsel representing her before this Court—at the December 5, 2023 hearing before the ALJ. (Tr. 19, 23). At this hearing, the ALJ confirmed the alleged onset date of September 28, 2022, with no correction from Plaintiff or her counsel, and no mention of amending the alleged onset date. (*See, e.g.,* Tr. 26, 28). Only now, following a fully favorable decision from the ALJ, does the Plaintiff seek an earlier onset date.

The question of this Court's subject matter jurisdiction has not been raised by the parties, but the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The Court's own research has revealed no Eighth Circuit cases on point. However, "other circuits have recognized that 42 U.S.C. § 405(g) makes no provision for judicial review of a determination favorable to the complainant." *Demedeiros v. Berryhill*, 2019 WL 1930003, at *4 (N.D. Tex. Mar. 30, 2019), *report and recommendation adopted*, 2019 WL 1923915 (N.D. Tex. Apr. 29, 2019) (collecting cases) (citation modified).

6

Some courts have approached the issue through an Article III analysis.[2]  "In cases where, as here, the Secretary issues a decision that is fully favorable to the claimant, the claimant cannot seek judicial review.  If the individual has fully prevailed on his or her claim, he or she has no standing to appeal because he or she has received all the relief sought, leaving no case or controversy."  *Buck v. Sec'y of Health and Human Servs.*, 923 F.2d 1200, 1203 (6th Cir. 1991).  "[C]ourts have consistently found that the plaintiff lacked standing because he could not establish that he suffered a concrete injury that was redressable by the court." *Martin v. Colvin*, 2016 WL 7839131, at *5 (D.D.C. Aug. 4, 2016) (citing cases).

Other courts reach the same conclusion by questioning the plaintiff's statutory standing. *See, e.g., Figueroa v. Astrue*, 2011 WL 3502394, *adopted by* 2011 WL 3502392, at *6-7 (S.D. Tex. July 19, 2011) ("While courts often discuss lack of standing to appeal favorable Social Security claims in terms of Article III standing, the issue is more aptly characterized as one of statutory standing") (citing cases); *see also Reyes v. Comm'r of Soc. Sec.*, 772 F. Supp. 3d 278, 282 (E.D.N.Y. 2024) ("Courts in this district regularly dismiss actions for lack of jurisdiction where, as here, a plaintiff appeals a fully favorable SSA decision.") (citing cases); *Alford v. Berryhill*, 2018 WL 2075456, at *4 (D.N.M. May 3, 2018), *aff'd sub nom. Alford v. Comm'r, SSA*, 767 F. App'x 662 (10th Cir. 2019); *Louis v. Comm'r of Soc. Sec.*, 2008 WL

---

[2] Under Article III, § 2 of the United States Constitution, federal jurisdiction is limited to "Cases" and "Controversies." U.S. Const. Art. III, § 2.  "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Clapper v. Amnesty Int'l U.S.A.*, 133 S. Ct. 1138, 1146 (2013) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).  The "irreducible constitutional minimum" of standing consists of three elements. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.*  "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)).

1882707, at \*2 (N.D.N.Y. Apr. 10, 2008), *aff'd*, 349 F. App'x 576 (2d Cir. 2009); *Martin*, 2016

WL 7839131, at \*5 n.2  (noting that although "Section 405(g) does not contain any provision for

judicial review of a fully favorable decision, such an analysis is redundant because Congress

cannot grant statutory standing where Article III standing is lacking").  The upshot of both

analyses is that "[p]laintiffs generally cannot seek judicial review of [fully favorable] decisions

because they lack standing to do so" and the court lacks subject matter jurisdiction.  *Demedeiros*,

2019 WL 1930003 at \*4.

Here, Plaintiff's claim for DIB received a fully favorable decision from the ALJ.  That

Plaintiff wishes *now* to change her onset date does not change her legal standing.  *See, e.g.,*

*Reyes*, 772 F. Supp. 3d at 282-284; *Martin*, 2016 WL 7839131 at \*3-5; *Alford*, 2018 WL

2075456 at \*2-3.  While the Court acknowledges that Plaintiff herself may not have understood

the legal consequences of her alleged onset date at the time she applied for DIB, she had the

benefit of counsel, at latest, at her hearing where the ALJ reiterated that September 28, 2022 was

the alleged onset date.  She offers no other reasons, such as coercion or typographical error, to

set aside the onset date she herself alleged.

For the above reasons, the Court concludes that it lacks subject matter jurisdiction in this

case and will dismiss Plaintiff's complaint.[3]

---

[3] The Court also expresses its skepticism that Plaintiff's claim would be meritorious even if the Court addressed its substance.  *See, e.g., Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1091 (8th Cir. 2018) ("The district court does not find additional facts, but determines whether the Commissioner's decision is supported by substantial evidence in the record.") (citing 42 U.S.C. § 405(g)).  Plaintiff only points to medical records from an office visit on March 21, 2022 as evidence that she "was suffering from bunions" before her alleged onset date.  (Doc. 11-1 at 2). These records alone are insufficient to result in a finding that the ALJ's adoption of Plaintiff's alleged onset date was not supported by substantial evidence.  *See, e.g., Davis v. Apfel,* 239 F.3d 962, 967 (8th Cir. 2001) (holding that an ALJ may properly take into account that a claimant failed to make significant efforts to seek medical treatment); *see also Karlix*, 457 F.3d at 747 (noting lack of "any other evidence suggesting an earlier date of onset" as a factor in rejecting

V.      CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Ora Lee Daniel's Complaint for Judicial

Review of Decision of the Commissioner of  Social Security (Doc. 1) is **DISMISSED**.

Dated this 30th day of March, 2026.


　　　　　　　　　　　　　　　　　　　 /s/ Noelle C. Collins
　　　　　　　　　　　　　　　　　　　NOELLE C. COLLINS
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

Plaintiff's claim); SSR 83-20 ("the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record").

Plaintiff also asserts that she was disabled prior to September 28, 2022 because she only worked four- and five-hour shifts as a prep cook (her final job before filing for DIB), and the vocational expert's testimony suggested that she would not be able to perform any of her past work (which would render her disabled) if she could not stand or walk for six hours.  Plaintiff's argument here appears to rest on a conflation of how much she *actually* worked prior to the established onset with how much *she was able* to work, offering little to no evidence on the latter point to suggest an earlier onset date of disability.